UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| EMERSON ELECTRIC CO., | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | No. 4:15-CV-00205-RLW |
| JAMES VINCE, | ) ) ) |  |
| Defendant. | ) ) ) |  |

## MEMORANDUM AND ORDER

The Court, after reviewing the Verified Petition for Injunctive and Other Relief, Motion for a Temporary Restraining Order, and Memorandum in Support of Motion for a Temporary Restraining Order of Plaintiff Emerson Electric Co. ("Emerson"), and having heard the arguments of counsel, hereby finds and orders:

1. Emerson's Motion for a Temporary Restraining Order is **DENIED**.

2. As set forth in Emerson's Verified Petition, Defendant James Nathan Vince ("Vince") was formerly employed by Emerson in the Embedded Computing and Power business, most recently as Group Vice President of the Embedded Power Division of the Business. Vince intends to work for Flextronics International USA, Inc. ("Flextronics").

3. The Court holds that Emerson has not satisfied all of the factors necessary for temporary injunctive relief. *See Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). The Court finds that Emerson has not demonstrated the likelihood of success on the merits because the noncompetition agreement in Vince's January 6, 2014 Separation Agreement with Astec America, LLC ("Astec") expired in January 2015. *See* ECF No. 17-1 at 9-

1

17. The Court further notes that the Separation Agreement contains a full integration clause. Based upon the information currently before it, the Court finds that the Separation Agreement, and its non-competition clause, supersedes the agreements, and their non-competition clauses, cited by Emerson.

4. The Court further finds that Emerson has not demonstrated that it is subject to immediate and irreparable injury if Vince is permitted to work for Flextronics. In November 2013, Emerson sold its Embedded Computing and Power business to Platinum Equity. (ECF No. 17-1 at 6-7). Although Emerson retained a 49 percent (now 47 percent) interest in the business, the Embedded Computing and Power business now exists as a separate, independent company, Astec or Artesyn Embedded Technologies. Pursuant to the Separation Agreement, Astec indicated that a one year non-competition restriction was necessary to protect its interests against Vince. At this stage, Emerson has failed to demonstrate to the Court that any additional restriction on Vince is necessary to protect Emerson's minority interest in the Embedded Computing and Power business.

5. Finally, the Court finds that the balance of harm weighs in favor of denying the Temporary Restraining Order. Vince has not been employed in the Embedded Computing and Power business for the last year pursuant to the Separation Agreement. The Court holds that Vince will be harmed by continuing to enjoin him from employment. In contrast and as indicated above, the evidence before the Court indicates that additional restrictions are not necessary to protect Emerson's interest, if any, in the Embedded Computing and Power business.

6. Thus, balancing the *Dataphase* factors, the Court denies Plaintiff's Motion for Temporary Restraining Order.

7. The hearing on Emerson's Motion for a Preliminary Injunction is set for **1:30 p.m.** on the **18th day of February, 2015**, in this Court.

Dated this 6th day of February, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**